IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| STASIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:11-cv-00117 |
| | ) | |
| v. | ) | |
| | ) | |
| JOEL SCHURTZ, *et. al.*, | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon referral of the District Judge pursuant to 28 U.S.C. § 636(b)(1)(A) for consideration of the petition of Joel Schurtz ("Schurtz") to enforce the parties' settlement agreement entered into by the parties on October 1, 2012.[1] Dkt. No. 90. Schurtz contends that STaSIS Inc. ("STaSIS") has breached the settlement agreement by failing to post a letter of credit as security for the final payment owed and by violating the non-disparagement clause in the agreement. The Court held a telephonic hearing on July 3, 2014 at which counsel for the parties were present as were Theodore Rosza, chairman of Plaintiff STaSIS, and Defendant Schurtz. I have carefully considered the petition, as well as the representations made by counsel and the parties at the hearing. I find that STaSIS has breached its financial obligations under the settlement agreement, and finding it proper to do so, I **RECOMMEND ENTERING JUDGMENT** against STaSIS in the amount of $18,750.00, plus attorneys' fees and costs incurred by Schurtz for bringing the petition. As I find a judgment is warranted on the basis of STaSIS violating its financial obligations under the settlement

---

[1] Under the terms of the Court's dismissal order entered October 5, 2012, the Court retained jurisdiction for a period of two years to allow STaSIS and Schurtz to petition the court for purposes of enforcing the terms of the settlement agreement. Dkt. No. 88.

agreement, I do not address the issue regarding non-disparagement, and focus this report on the agreement's relevant financial terms.

On October 1, 2012, Schurtz and STaSIS entered a settlement agreement resolving all matters in controversy between the parties in this litigation. Dkt. No. 90-1. Among the terms of the settlement agreement, STaSIS agreed to a structured monetary settlement, with a lump sum due at the time of execution of the settlement agreement and a series of installment payments to follow thereafter with the last payment due October 1, 2014. STaSIS agreed to secure the installment payments by a Letter of Credit held at Branch Banking & Trust Company in an amount equal to one installment. STaSIS further agreed that in the event Schurtz called on the Letter of Credit for payment of any installment, STaSIS would cause the letter of credit to be re-issued.

STaSIS failed to make the installment payment due on April 1, 2014, and Schurtz drew upon the Letter of Credit to satisfy the payment. Schurtz subsequently demanded in a letter dated May 8, 2014 that StaSIS cause the Letter of Credit to be re-issued as required under the terms of the settlement agreement. Dkt. No. 90-2. STaSIS has not caused the Letter of Credit to be re-issued to secure the final payment due October 1, 2014.

At the July 3, 2014 hearing, STaSIS chairman Theodore Rozsa represented that STaSIS is financially unable both to make the final payment under the settlement agreement due on October 1, 2014, and to cause the Letter of Credit to be re-issued to secure the payment.

In light of these facts and the representation of STaSIS, I find that STaSIS has defaulted upon its obligations to provide proper security for future payments, and therefore, is in breach of the settlement agreement. See Am. Inn, L.P. v. Wolf, 28 F. App'x 316, 319–20 (4th Cir. 2002) (under Virginia law, contract calling for payments or performance at specific intervals is divisible installment contract, with breach occurring at time installment becomes due). I further find that the sole remedy is entry of judgment against STaSIS in the amount of the final

installment payment. For these reasons, it is **RECOMMENDED** that judgment be entered against STaSIS in the amount of $18,750.00 in favor of Schurtz.

Paragraph 18 of the Settlement Agreement provides that a party required to seek court intervention to enforce the terms of the agreement may recover its attorney's fees and costs of such enforcement action. I find that Schurtz is entitled to an award of attorney's fees for bringing this motion to enforce, and recommend that a judgment in an amount to be determined be entered for the attorney's fees and costs incurred in brining the motion to enforce. Any requested attorneys fees and costs shall be made in accordance with Local Rule 54.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Enter: July 9, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge